# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS6

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08905-RGK<br>(2:23-bk-18404-WB / 2:25-ap-01061-WB) | Date | December 15, 2025 |
|---|---|---|---|
| Title | *In Re Maria Elizabeth Montero Leon* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion for Withdrawal of Reference from U.S. Bankruptcy Court [DE 1]**

## I.   INTRODUCTION AND BACKGROUND

In December 2023, Maria Elizabeth Montero Leon ("Defendant") filed a Chapter 11 Petition in the United States Bankruptcy Court for the Central District of California. On November 4, 2024, as a part of the bankruptcy proceedings, 631 N. Hillcrest Road, Beverly Hills, CA 90210 ("Hillcrest Property") was sold. Guillermo Montero ("Plaintiff") has since asserted a community property interest in the Hillcrest Property proceeds. In response to Plaintiff's claims, on March 24, 2025, Maria Elizabeth Montero Leon ("Defendant") commenced an adversary proceeding ("Adversary Proceeding"), which remains pending, against Plaintiff to seek a judicial declaration that she is entitled to 100% of the Hilcrest Property sale proceeds and to quiet title in the sale proceeds. (Case No. 2:25-ap-01061-WB.)

Presently before the Court is Plaintiff's Motion for Withdrawal of Reference as to the Adversary Proceeding ("Motion"). (ECF No. 1.) For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.   JUDICIAL STANDARD

While district courts have original jurisdiction over "all civil proceedings" arising under the Bankruptcy Code and cases "related to cases" under the Bankruptcy Code, the jurisdiction is not exclusive. 28 U.S.C. §§ 157(a), 1334(a)–(b). A district court may refer these proceedings to a bankruptcy judge, and in the Central District of California, all such proceedings are automatically referred to bankruptcy judges. 28 U.S.C. § 157(a); *see also* C.D. Cal. General Order 13-05.

In certain circumstances, however, the automatic reference may be withdrawn, whereafter the case would proceed in the district court. Under 28 U.S.C. § 157(d), withdrawal is either mandatory or permissive. However, a threshold issue for both mandatory and permissive withdrawal is whether the motion to withdraw was made in a timely manner. *In re McClure*, 2022 WL 17721587, at *3 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-08905-RGK<br>(2:23-bk-18404-WB / 2:25-ap-01061-WB) | Date | December 15, 2025 |
|---|---|---|---|
| Title | *In Re Maria Elizabeth Montero Leon* | | |

Dec. 15, 2022); *see also* 28 U.S.C. § 157(d) (a court can mandatorily withdraw the reference on "*timely* motion of a party," or permissively withdraw on "[the Court's] own motion or on *timely* motion of any party.") (emphasis added).

A motion to withdraw is timely if it was made "as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms v. Int'l Bhd.of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997) (citing *In re Baldwin-United Corp.*, 57 B.R. 751, 754 (S.D. Ohio 1985)). A party must move for withdrawal "at the first reasonable opportunity" it has, "as evaluated within the specific factual context [of the case]." *In re GTS 900 F, LLC*, 2010 WL 4878839, at *2 (C.D. Cal. Nov. 23, 2010) (quoting *Stratton v. Vita Bella Grp. Homes, Inc.*, 2007 WL 1531860, at *2 (E.D. Cal. May 25, 2007)) (internal citations omitted). A motion to withdraw the reference is untimely when a "significant amount of time has passed since the moving party had notice of the grounds for withdrawing the reference or where the withdrawal would have an adverse effect on judicial economy." *Hupp v. Educ. Credit Mgt. Corp.*, 2007 WL 2703151, at *3 (S.D. Cal. Sept. 13, 2007).

### III. DISCUSSION

Defendant filed the Adversary Proceeding on March 24, 2025. Plaintiff now makes the present Motion to Withdraw Reference nearly six months after the filing of the Complaint in the Adversary Proceeding. In fact, Plaintiff actively engaged in litigation regarding the Adversary Proceeding, including a Motion for the Bankruptcy Court to Abstain Hearing the Adversary Proceeding (ECF No. 13, Case No. 2:25-ap-01061-WB.) The Motion for the Bankruptcy Court to Abstain was filed on May 23, 2025, and alleges that the bankruptcy court should abstain from the adversary proceeding because the claims are "non-core" proceedings, which means that they "do not depend on the Bankruptcy Code for their existence and they could proceed in another Court." (Pls.' Mot. Abstain Hearing Adversary Proceeding at 4, ECF No. 13, Case No. 2:25-ap-01061-WB.)

At that point, Plaintiff was on notice of the grounds for withdrawing the reference. Mandatory withdrawal hinges on whether there is "material consideration of non-bankruptcy federal law" and permissive withdrawal considers judicial efficiency and whether "non-core" issues predominate that "do not depend on bankruptcy laws for their existence and that could proceed in another court." *Sec. Farms*, 124 F.3d at 1008. Plaintiff was clearly on notice that there were grounds for permissive withdrawal, evident from Plaintiff's May 23, 2025 motion. Regarding mandatory withdrawal, it is doubtful to think that Plaintiff only learned of whether there were material considerations of non-bankruptcy federal law nearly four months after the initial complaint in the Adversary Proceeding was filed, especially when Plaintiff continued to litigate the Adversary Proceeding in bankruptcy court.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08905-RGK<br>(2:23-bk-18404-WB / 2:25-ap-01061-WB) | Date | December 15, 2025 |
|---|---|---|---|
| Title | *In Re Maria Elizabeth Montero Leon* | | |

Even though Plaintiff was on notice, Plaintiff failed to file a motion to withdraw reference. Instead, Plaintiff waited nearly four months to make this present Motion, a significant amount of time. *See In re McClure,* 2022 WL 17721587, at *4 (C.D. Cal. Dec. 15, 2022) (finding a motion to withdraw reference untimely where movant moved for withdrawal nearly four months after learning of the grounds for withdrawal). Therefore, Plaintiff did not move for this Motion as promptly as possible and the Motion is untimely.

### IV.    CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motions to Withdraw Reference.

This action is referred back to the U.S. Bankruptcy Court.

**IT IS SO ORDERED.**

cc:    U.S. Bankruptcy Court
       (2:23-bk-18404-WB / 2:25-ap-01061-WB)

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |